GREGORY C. SIMONIAN, ESQ. BAR#: 131162
VALERIE S. HIGGINS, ESQ. BAR # 238323
CLAPP, MORONEY, BELLAGAMBA and VUCINICH
A PROFESSIONAL CORPORATION
1111 Bayhill Dr., Suite 300
San Bruno, CA 94066
(650) 989-5400  (650) 989-5499 Fax
gsimonian@clappmoroney.com

Attorneys for Defendants
THE PARKINSON'S INSTITUTE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA- SAN JOSE DIVISION

| | |
|---|---|
| LYNDA FRAYO,<br><br>Plaintiff,<br><br>v.<br><br>THE PARKINSON'S INSTITUTE, a California Corporation, and DOES 1-50<br><br>Defendants. | CASE NO.  C-07-04942-JF<br><br>DEFENDANT THE PARKINSON'S INSTITUTE'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF RULE 12(f) MOTION TO STRIKE PRAYER FOR ATTORNEY FEES.<br><br>Date:   November 2, 2007<br>Time:   9:00 a.m.<br>Courtroom: 3, 5th Floor |

## I.

### Introduction

By this motion, Defendant THE PARKINSON'S INSTITUTE respectfully requests the Court to issue an Order striking paragraph 4 of plaintiff LYNDA FRAYO's Prayer (Plaintiff's Complaint for Damages, page 7, line 15), pursuant to Federal Rule of Civil Procedure 12(f). Said paragraph seeks damages that are not recoverable as a matter of law.

## II.

### Statement of Facts

Plaintiff's Complaint for Damages was filed on July 26, 2007 in the Superior Court of California, County of Santa Clara. Defendant was served on August 23, 2007.  Defendant filed a

Notice of Removal in the Northern District of California, San Jose Division and in the Superior Court of California, County of Santa Clara, on September 24, 2007.

Plaintiff's Complaint sets forth a single cause of action for wrongful termination in violation of public policy. As part of her prayer for relief, plaintiff includes paragraph four:

> Wherefore, Plaintiff prays for judgment against Defendants, and each of them, as follows:
>
> . . .
>
> 4.   For costs of suit and attorney fees.

Complaint for Damages, pg. 7, line 4. Plaintiff asserts no statutory or contractual basis for her claim for attorney fees. *See*, Complaint for Damages.

## III.

### Law and Argument

Pursuant to *Federal Rule of Civil Procedure 12(f)*, a court may "order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. Rule of Civ. Proc. 12(f). "Under Rule 12(f), courts have authority to strike a prayer for relief seeking damages that are not recoverable as a matter of law." *Jacobsen v. Katzer*, 2007 U.S. Dist. LEXIS 63568 *11-12 (N.D.Cal. 2007); See also, *Wells v. Board of Trustees of Cal. State Univ.*, 393 F.Supp.2d 990, 994-95 (N.D. Cal. 2005); *Arcilla v. Adidas Promotional Retail Operations, Inc.*, 488 F.Supp.2d 965, 968 (C.D.Cal.2007); *Tapley v. Lockwood Green Engineers, Inc.*, 502 F.2d 559, 560 (8th Cir. 1974.)

Under California law, a prevailing party may not be awarded attorney fees unless such recovery is specifically provided for by statute or by agreement between the parties. Cal. Code of Civ. Proc. § 1021.

In her Complaint for Damages, plaintiff Frayo sets forth a single cause of action for the tort of wrongful termination in violation of public policy. She alleges no statutory or contractual basis for her claim of attorney fees, and without a statutory or contractual basis, she is not entitled to such an award. Because plaintiff is not entitled to attorney fees regardless of outcome of

this matter, the court should strike plaintiff's prayer for attorney fees as a matter of law.

## IV.
## Conclusion

For the reasons stated above, this defendant The Parkinson's Institute respectfully requests this Court to issue an Order striking paragraph 4 of plaintiff's prayer for relief.

DATED: September 26, 2007                CLAPP, MORONEY, BELLAGAMBA
                                                                and VUCINICH


By: _____
GREGORY C. SIMONIAN
VALERIE S. HIGGINS
Attorneys For Defendant
THE PARKINSON'S INSTITUTE