GREGORY C. SIMONIAN, ESQ. BAR#: 131162
VALERIE S. HIGGINS, ESQ. BAR # 238323
CLAPP, MORONEY, BELLAGAMBA and VUCINICH
A PROFESSIONAL CORPORATION
1111 Bayhill Dr., Suite 300
San Bruno, CA 94066
(650) 989-5400  (650) 989-5499 Fax
gsimonian@clappmoroney.com

Attorneys for Defendants
THE PARKINSON'S INSTITUTE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA- SAN JOSE DIVISION

| | |
|---|---|
| LYNDA FRAYO,<br><br>        Plaintiff,<br><br>v.<br><br>THE PARKINSON'S INSTITUTE, a California Corporation, and DOES 1-50<br><br>        Defendants. | CASE NO.  C-07-04942-JF<br><br>ANSWER OF DEFENDANT THE PARKINSON'S INSTITUTE TO COMPLAINT FOR DAMAGES<br><br>DEMAND FOR JURY TRIAL |

COMES NOW Defendant THE PARKINSON'S INSTITUTE (hereinafter Defendant) and answers the unverified Complaint for Damages of Plaintiff LYNDA FRAYO, herein as follows:

    1.    Answering Paragraphs 1, 6, 7, and 14, Defendant admits the allegations contained therein.

    2.    Answering Paragraphs 9, 10, 11, 12, 16, 23, 25 26, 27, and 28, Defendant denies generally and specifically, each and every, all and singular, the allegations contained therein.

    3.    Answering Paragraphs 2, 3, 4, 8, 13, 18, 19, 20, and 22, Defendant lacks sufficient knowledge or information to respond thereto and on that basis denies generally and specifically, each and every, all and singular, the allegations contained therein.

///

4. Answering Paragraph 15, Defendant admits that Mr. Greer created the "Medicare Billing for Idiots." Defendant lacks sufficient knowledge or information to respond to the remaining allegations and on that basis denies generally and specifically, each and every, all and singular, the remainder of this allegation.

5. Answering Paragraph 17, Defendant admits that it used a computer program to document and track billing. Defendant lacks sufficient knowledge or information to respond to the remainder of the allegation and on that basis denies generally and specifically, each and every, all and singular, the remaining allegations contained therein.

6. Answering Paragraph 21, Defendant admits that Sherry Snow was hired in early 2006. Defendant lacks sufficient knowledge or information to respond to the remainder of the allegation and on that basis denies generally and specifically, each and every, all and singular, the remaining allegations contained therein.

7. Answering Paragraph 24, Defendant denies that its engaged in actions violating 31 USCS § 3729, et seq. Defendant admits that this is an accurate summary of 31 USCS § 3729.

8. Answering Paragraph 5, Defendant incorporates its previous responses as though fully set forth herein.

## AFFIRMATIVE DEFENSES

AS A FIRST, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREIN, this answering Defendant alleges that said Complaint, and each alleged cause of action thereof, fails to state a claim upon which relief may be granted.

AS A SECOND, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREIN, this answering Defendant alleges that Plaintiff's claims are barred by the doctrine of waiver.

///

///

AS A THIRD, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREIN, this answering Defendant alleges that Plaintiff's claims are barred by the doctrine of equitable estoppel.

AS A FOURTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREIN, this answering Defendant alleges that Plaintiff's claims are barred by the doctrine of laches.

AS A FIFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREIN, this answering Defendant alleges that Plaintiff's claims are barred by the doctrine of unclean hands.

AS A SIXTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREIN, this answering Defendant alleges that Plaintiff's employment was terminable at the will of either Plaintiff or of this answering Defendant under Labor Code Section 2922.

AS A SEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREIN, this answering Defendant alleges that Plaintiff has failed to state a cause of action for attorneys' fees.

AS A EIGHTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREIN, this answering Defendant alleges that Plaintiff's Complaint for exemplary or punitive damages pursuant to California Civil Code Section 3294 violates Defendant's right to procedural due process under the Fourteenth Amendment of the United States Constitution and the Constitution of the State of California, and therefore fails to state a cause of action upon which either punitive or exemplary damages can be awarded, that Plaintiff's Complaint to the extent that it seeks exemplary or punitive damages pursuant to Civil Code Section 3294, violates Defendant's right to protection from "excessive fines" as provided by the Eighth Amendment of the United States Constitution, Article I, Section 17, of the Constitution of the State of California, and violates Defendant's right to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Constitution of the

State of California, and therefore fails to state a cause of action for punitive or exemplary damages; that Plaintiff's complaint, and each cause of action therein, is barred by reason of Article VI of the United States Constitution.

AS A NINTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREIN, this answering Defendant alleges that Plaintiff's claims are barred by the provisions of California Labor Code §2854, §2856, §2858 and §2859 in that plaintiff failed to use ordinary care, diligence and skill in the performance of her duties and failed to comply substantially with the reasonable directions of her employer and is therefore barred from any recovery.

AS A TENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREIN, this answering Defendant alleges that its conduct was privileged.

AS AN ELEVENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREIN, this answering Defendant alleges that its conduct was justified.

AS A TWELFTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREIN, this answering Defendant alleges that its conduct was excused.

AS A THIRTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREIN, this answering Defendant alleges that its actions were proper and legal and in substantial compliance with all applicable regulations, statutes and ordinances.

AS A FOURTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREIN, this answering Defendant alleges that its alleged improper conduct, if any, was motivated by legitimate, non-discriminatory reasons.

///

AS AN FIFTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREIN, this answering Defendant alleges that its alleged improper conduct, if any, was justified by business necessity.

AS A SIXTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREIN, this answering Defendant alleges that Plaintiff has failed to state a valid public policy or in the alternative, has failed to allege facts showing a violation of a fundamental public policy upon which relief can be granted.

AS A SEVENTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREIN, this answering Defendant alleges that Plaintiff's claims are time-barred by all applicable statutes of limitations.

AS A EIGHTEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREIN, this answering Defendant alleges that Plaintiff failed to mitigate her damages.

AS A NINETEENTH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREIN, this answering defendant alleges that to the extent that any information is acquired which, if known at the time of employment would have barred plaintiff's continued employment, then plaintiff is barred or limited from bringing this action and/or recovering any damages under the doctrine of after-acquired evidence.

AS A TWENTIETH, SEPARATE AND AFFIRMATIVE DEFENSE TO THE COMPLAINT, AND EACH ALLEGED CAUSE OF ACTION THEREIN, this answering defendant alleges that plaintiff's claims are barred and/or limited by the doctrine of avoidable consequences.

WHEREFORE, THE PARKINSON'S INSTITUTE prays that Plaintiff take nothing against it by way of the complaint, that THE PARKINSON'S INSTITUTE has judgment for its reasonable attorney fees, costs of suit incurred herein, together with such other and further relief as the court may deem just and proper.

## DEMAND FOR JURY TRIAL

Defendant The Parkinson's Institute hereby demands a jury trial.

DATED: September 28, 2007        CLAPP, MORONEY, BELLAGAMBA
                                 and VUCINICH


                                 By:  ___/ S /_____
                                      GREGORY C. SIMONIAN
                                      VALERIE S. HIGGINS
                                      Attorneys For Defendant
                                      THE PARKINSON'S INSTITUTE

**LINDA FRAYO v. THE PARKINSON'S INSTITUTE**
U.S. District Court, Northern District of California Case No. C07-04942-JF

**PROOF OF SERVICE**

I, the undersigned, hereby declare that I am over the age of eighteen years and not a party to the within action. My business address is 1111 Bayhill Drive, Suite 300, San Bruno, CA 94066. On the date indicated below, I served the within:

**ANSWER OF DEFENDANT THE PARKINSON'S INSTITUTE
TO COMPLAINT FOR DAMAGES**

on the parties in this action by transmitting a true copy of the foregoing documents in the following manner:

Gerald A. Emanuel, Esq.
Amy Carlson, Esq.
Hinkle, Jachimowicz, Pointer & Emanuel
2007 West Hedding Street, Suite 100
San Jose, CA 95128
Tel: (408) 246-5500
Fax: (408) 246-1051

☐ (BY MAIL) Pursuant to Code of Civil Procedure §1013(a), I placed a true copy thereof enclosed in a sealed envelope, addressed as set forth above, and deposited each envelope with postage fully prepaid to be placed for collection and mailing following the ordinary business practices of Clapp, Moroney, Bellagamba & Vucinich. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing of in affidavit.

☐ (BY PERSONAL SERVICE) I caused to be delivered by hand this date each of the above documents, to the following:

☐ (BY FACSIMILE) I caused each of the above documents to be faxed this date to the offices of the following:

☐ (BY FEDEX) I caused each of the above documents to be sent by FedEx this date to the offices of the following:

☒ (BY ECP PACER) I caused to be delivered by EPC Pacer this date each of the above documents, for which our office will maintain the EPC Pacer filing receipt, to the following: **SEE ABOVE.**

G:\Data\DOCS\0384\03704\POS-fed.wpd

      Executed on September 28, 2007 at San Bruno, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Leticia C. Julian*
_____
Leticia C. Julian

G:\Data\DOCS\0384\03704\POS-fed.wpd