Gerald A. Emanuel (SBN 61049)
Amy Carlson (SBN 213294)
HINKLE, JACHIMOWICZ, POINTER & EMANUEL
2007 West Hedding Street, Suite 100
San Jose, California 95128
Telephone: (408) 246-5500
Facsimile: (408) 246-1051

Attorneys for Plaintiff
LYNDA FRAYO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE DIVISION

| | |
|---|---|
| LYNDA FRAYO,<br><br>    Plaintiff,<br><br>vs.<br><br>THE PARKINSON'S INSTITUTE, a California Corporation, and DOES 1-50<br><br>    Defendants. | No. C-07-04942-JF<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND RULE 26(f) REPORT**<br><br>DATE: 1/18/08<br>TIME: 10:30 a.m.<br>DEPT: Ctrm 3, 5th Floor, SJ |

Pursuant to Civil Local Rule 16-9, plaintiff Lynda Frayo ("Frayo") and defendant The Parkinson's Institute ("TPI") jointly submit the following Case Management Statement:

**JURISDICTION AND SERVICE**

This Court has jurisdiction over this action under 29 U.S.C. § 1331, in that Plaintiff sets forth a single cause of action for wrongful termination in violation of public policy and bases her claim on the public policy reflected in the Federal False Claims Act, 31 U.S.C. § 3729 et. seq.

1

1  The parties are not currently aware of any personal jurisdiction or venue issues. The parties are
2  not currently aware of any parties that remain to be served.

## FACTS

TPI is a non-profit organization which provides therapy and conducts research regarding Parkinson's disease and other movement disorders. They receive federal and state funds from Medicare and Medi-Cal for the treatment they provide patients.

Frayo began her at-will employment at TPI on May 22, 2000 as a patient records and billing coordinator. Frayo had a flexible schedule in which she worked at least six hours a day during a fixed time period. Beginning in 2003, she was instructed to work between 30-35 hours per week during a daily window of 10:00 a.m. to 5:30 p.m. The parties agree that before 2003, Ms. Frayo enjoyed generally, good performance reviews.

Frayo alleges that she witnessed several instances when patient treatments were "up coded" in order to receive Medicare/Medi-Cal payments to which the Institute was not entitled. In addition, she alleges she witnessed "unbundling" of codes which involves separate billing for treatments that are actually included in a code. Frayo alleges TPI received funds they would not have received if the codes were not unbundled. Frayo alleges she complained to management via e-mail and in person that the codes were being unbundled and up coded and that she was ultimately terminated on June 26, 2006 as the result of these complaints.

TPI contends that as early as 2003, TPI raised concerns with Ms. Frayo regarding her dependability and availability. As a result, her "flex time" became more structured. TPI contends that Ms. Frayo's inability to manage her time and attend work regularly continued to be a problem which was addressed in subsequent performance reviews. Ultimately, in May 2006,

TPI advised Ms. Frayo of her new work schedule, 9:00am to 4:30pm, to which she agreed. TPI contends that Ms. Frayo continued to frequently arrive to work late.

In addition, TPI contends that in 2006, it hired an outside consultant to address the issue of billings and revenues, because TPI was consistently operating at a net loss. According to TPI, the consultant identified a high incidence of selection of billing codes at lower levels than was warranted, resulting in a loss of revenue, and found evidence that codes were either intentionally changed or entered incorrectly by Ms. Frayo at the point of data entry. These concerns and the steps TPI would require of Ms. Frayo to address these concerns were noted in Ms. Frayo's 2006 performance evaluation. TPI contends that Ms. Frayo was terminated on June 26, 2006 because of her performance, attendance and tardiness.

## LEGAL ISSUES

Plaintiff's only cause of action is a claim of wrongful termination in violation of public policy based upon the Federal False Claims Act, 31 U.S.C. § 3729 et. seq. Plaintiff alleges that she was terminated because she refused to go along with TPI's instructions on billing.

TPI disputes this allegation and bases its termination of Frayo upon Ms. Frayo's performance, attendance and tardiness.

## MOTIONS

There are no prior or pending motions in this matter. TPI anticipates filing a motion for summary judgment. There are no discovery-related motions currently anticipated, though the parties may file such motions if necessary.

JOINT CASE MANAGEMENT STATEMENT AND RULE 26(f) REPORT

## AMENDMENT TO PLEADINGS

On November 2, 2007, the court granted TPI's Motion to Strike Claim for Attorney Fees, which Frayo did not oppose. The parties do not currently anticipate amending the pleadings. The parties propose a deadline of May 1, 2008, to amend the pleadings.

## EVIDENCE PRESERVATION

The parties represent that reasonable steps have been taken to preserve evidence relevant to the issues in this case, including but not limited to the storage of materials pertinent to this matter to prevent their loss or destruction. The parties represent, on their own behalves, that they are currently unaware of the loss of any evidence relevant to this matter and that any loss of evidence to date was unintentional.

## DISCLOSURES

The parties agree that no changes should be made to the timing, form or requirement for disclosures under FRCP 26(a). The parties will comply with the Court's Order setting a date of January 11, 2008, for the exchange of initial disclosures.

## DISCOVERY SCOPE AND SCHEDULE

The parties have not taken any discovery to date. In addition to the exchange of initial disclosures, the parties anticipate completing written discovery, document productions, and any necessary depositions.

Discovery may be needed on the following subjects: (1) Frayo's performance and any disciplinary action taken against her during her employment with TPI, including but not limited to Frayo's attendance/tardiness record; (2) Frayo's allegation of wrongful termination; (3) TPI's

defenses to these allegations; and (4) liability and damages, including but not limited to Frayo's efforts to mitigate any such damages. The parties expressly reserve their rights to conduct discovery on any and all other matters pertinent to the claims and defenses raised in the pleadings or otherwise available to the parties.

All discovery should be completed by August 1, 2008. The parties agree that discovery should not be conducted in phases and should not be limited to or focused upon any particular issue. The parties agree that no changes should be made in the limitations on discovery imposed by the FRCP, with the exception of FRCP 30. The parties stipulate that the provisions of FRCP 30(d)(2), which limit the length of a deposition to one day of seven hours, will not apply to the deposition of Frayo if additional time is reasonably necessary to complete her deposition. The parties agree to allow 3 days of Frayo's deposition to be taken, or 21 total hours of deposition based on a seven-hour day.

## CLASS ACTIONS

This is not a class action.

## RELATED CASES

The parties are currently unaware of any related cases.

## RELIEF

Frayo claims damages in the following amounts for the actions alleged in the Complaint: (1) emotional distress - $500,000; (2) pain and suffering - $500,000; (3) lost wages - $92,000.00; (4) $2,000.00, withdrawn from 401(b) plan. TPI has not filed a counterclaim.

## SETTLEMENT AND ADR

The parties agree that the prospects for settlement currently appear to be favorable. The parties have complied with the requirements of ADR L.R. 3-5 by agreeing to engage in private mediation (see ADR Certification and Stipulation/Order, filed separately). The parties agree that they will be in a better position to conduct serious settlement negotiations after initial disclosures and discovery have been completed.

## CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES

The parties agree that they are willing to consider having this matter assigned to a magistrate judge for all further proceedings including trial and entry of judgment.

## OTHER REFERENCES

The parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multi-district Litigation.

## NARROWING OF ISSUES

The parties do not currently anticipate an ability to stipulate to any of the facts material to Frayo's allegations of wrongdoing.

## EXPEDITED SCHEDULE

The parties do not believe that this case can or should be subject to an expedited or streamlined schedule that is inconsistent with the proposed dates set forth below.

## SCHEDULING

The parties propose the following dates:

(1) Designation of Experts: July 1, 2008
(2) Discovery Cutoff: August 1, 2008
(3) Dispositive Motion Cutoff: August 1, 2008 (last date for hearing on motion)
(4) Final Pretrial Conference: August ___, 2008
(5) Trial: September 1, 2008

## TRIAL

Both parties request a trial by jury. The parties agree that the expected length of trial is seven to ten days.

## DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties are unaware of any non-party interested entities.

DATED: January 9, 2008            CLAPP, MORONEY, BELLAGAMBA & VUCINICH

By: /s/ Valerie S. Higgins
GREGORY C. SIMONIAN, ESQ.
VALERIE S. HIGGINS, ESQ.
Attorneys for Defendant
THE PARKINSON'S INSTITUTE

DATED: January 10, 2008           HINKLE, JACHIMOWICZ, POINTER & EMANUEL

By: /s/ Amy Carlson
AMY CARLSON
Attorneys for Plaintiff
LYNDA FRAYO