GREGORY C. SIMONIAN, ESQ. BAR#: 131162
VALERIE S. HIGGINS, ESQ. BAR#: 238323
CLAPP, MORONEY, BELLAGAMBA and VUCINICH
A PROFESSIONAL CORPORATION
1111 Bayhill Dr., Suite 300
San Bruno, CA 94066
(650) 989-5400 Fax: (650) 989-5499
gsimonian@clappmoroney.com

Attorneys for Defendant
THE PARKINSON'S INSTITUTE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA-SAN JOSE DIVISION

| | |
|---|---|
| LYNDA FRAYO,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>THE PARKINSON'S INSTITUTE, a California Corporation, and DOES 1-50,<br><br>　　　　Defendants. | CASE NO.: C-07-04942-JF<br><br>**STIPULATED PROTECTIVE ORDER AND PROTECTIVE ORDER THEREON** |

**IT IS HEREBY STIPULATED AND AGREED,** by and among the undersigned parties through their respective attorneys of record:

　　1.　　The parties are entering into this stipulation because requests have been made for documents that contain confidential and proprietary information. The purpose of this stipulation is to provide for a method to allow said documents to be produced in a manner to preserve their confidential nature.

　　2.　　Any of the aforesaid documents and testimony or information relating thereto (including depositions) furnished herewith may be stamped or designated "Confidential" or "Attorneys Only-Confidential" by any party to this action. Any document, testimony or other information stamped or designated as "Confidential" or "Attorneys Only-Confidential" material shall only be disclosed as permitted by this protective order.

G:\Data\DOCS\0384\03704\PROTECTIVEORDER.wpd　　　1

STIPULATED PROTECTIVE ORDER AND PROTECTIVE ORDER THEREON

3. "Attorneys Only-Confidential" material may be exhibited to and discussed with only the qualified persons set forth in paragraphs 4(a) and (b) below. "Confidential" material may be exhibited to and discussed with only the qualified persons set forth in 4(a), (b) and (c) below.

4. "Qualified person" as used herein means:

(a) The Judge and court personnel, including court reporters and persons operating video recording equipment at depositions;

(b) The attorneys of record and associated attorneys for the parties to this litigation, the employees including consultants or experts of such attorneys to whom it is necessary that the material be shown for the purposes of this litigation; and

(c) The parties to this action.

5. A party shall not be obligated to challenge the propriety of a "Confidential" or "Attorneys Only-Confidential" designation at the time made and a failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the supplying party of "Confidential" or "Attorneys Only-Confidential," the parties shall try first to dispose of such dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may seek appropriate relief from the Judge or Arbitrator.

6. If a party, or his or her counsel, desires to designate all or any portion of the deposition testimony regarding that party deemed to be "Confidential" or "Attorneys Only-Confidential," it may do so by advising the reporter at the time of the taking of the deposition at which such "Confidential" or "Attorneys Only-Confidential" testimony is given. The parties shall have five business days from receipt of the deposition transcript to provide written designation to the other parties of any additional portions of the deposition, not so designated during the deposition, deemed to be 'Confidential' or 'Attorneys Only-Confidential.' In the event that a party or third party was present when such later designated testimony was given, such individual(s) shall be informed of the new designation and shall not disclose the information to any other party, nor use the information in any way. If any "Confidential" or "Attorneys Only-Confidential" documents or material are used or disclosed in any testimony given in this proceeding, portions of

1 the testimony disclosing or reflecting such material shall be designated in the same maner as the
2 underlying material. The reporter shall separately transcribe the portions of testimony so
3 designated and shall mark the face of the transcript with the word "Confidential" or "Attorneys
4 Only-Confidential." Only qualified persons as defined in paragraph 4 above may be present
5 during portions of deposition testimony designated as "Confidential" or "Attorneys Only-
6 Confidential."

7  7.  In the event that a party wishes to use in the Trial or Arbitration any document,
8 testimony or other information produced by it or another party which is stamped "Confidential" or
9 "Attorneys Only-Confidential," such document, testimony or other information, and any brief,
10 deposition or any other paper filed in this action which discloses the contents of "Confidential" or
11 "Attorneys Only-Confidential" material shall be filed in accordance with the agreement of the
12 parties and Judge or Arbitrator.

13  8.  At the conclusion of the above-entitled action, any originals and reproductions or
14 any documents, testimony or information subject to this protective order shall not be retained by
15 the receiving party and either shall be destroyed or returned to the producing party. The provisions
16 of this protective order insofar as they restrict the communication and use of the documents,
17 testimony or information produced hereunder shall, unless otherwise stipulated in writing for
18 further order of the Court, continue to be binding after the conclusion of this action.

19  9.  Nothing in this Order shall be construed to prohibit any producing party from later
20 seeking relief from an inadvertent and/or unintentional disclosure of "Confidential" or "Attorneys
21 Only-Confidential" materials.

22  10.  Notwithstanding the foregoing provisions, this protective order shall be without
23 prejudice to the right of any party to challenge the propriety of discovery on other grounds, and
24 nothing contained herein shall be construed as a waiver of any objection which might be raised as
25 to the admissibility at trial of any evidentiary material.

26  11.  Nothing in this stipulation and order shall be construed to abrogate, limit or
27 supersede any other confidentiality agreements relating to confidential information, including but
28 not limited to Non-Disclosure Agreements entered into with any third party on behalf of any party

G:\Data\DOCS\0384\03704\PROTECTIVEORDER.wpd      3
STIPULATED PROTECTIVE ORDER AND PROTECTIVE ORDER THEREON

```
 1 | to this litigation.
 2 |     SO STIPULATED.
 3 |
 4 | Dated: January 28, 2008                CLAPP, MORONEY, BELLAGAMBA
                                            and VUCINICH
 5 |
 6 |                                        By: /s/ Valerie S. Higgins
 7 |                                            GREGORY C. SIMONIAN
                                                VALERIE S. HIGGINS
                                                Attorneys for Defendant
 8 |                                             THE PARKINSON'S INSTITUTE
 9 | Dated: January 11, 2008                HINKLE, JACHIMOWICZ, POINTER
10 |                                        & EMANUEL
11 |
12 |
13 |                                        By: /s/
                                                GERALD A. EMANUEL
14 |                                             AMY CARLSON
                                                Attorneys for Plaintiff
15 |                                             LYNDA FRAYO
16 | Dated: January 16, 2008                I AGREE TO BE BOUND BY THIS
                                            PROTECTIVE ORDER.
17 |
18 |
19 |                                            /s/ LYNDA FRAYO
                                                Plaintiff
20 |
21 |     **IT IS SO ORDERED.**
22 |
23 | DATED: _____, 2008
24 |
25 |
26 |                                        _____
                                            **DISTRICT JUDGE**
27 |
28 |
```

G:\Data\DOCS\0384\03704\PROTECTIVEORDER.wpd    4

STIPULATED PROTECTIVE ORDER AND PROTECTIVE ORDER THEREON